Washington,
*March,*
1843.
―――――――
Holbrook *et al.*
*v.*
Pearce *et al.*
will be rendered for the plaintiff to recover the other part of his account, amounting to two dollars, seventy-one cents. The defendant will recover his cost in this suit, to be deducted from the cost awarded to the plaintiff in the county court.

---

HOLBROOK, BOWMAN & Co. *v.* ALONZO PEARCE, CHARLES S. DWINNELL and CARLOS BANCROFT.

A certificate of jail commmissioners, setting forth an execution for a sum different from that on which the debtor is committed, will not authorize his discharge, although the proper oath may have been administered to him.

THIS was an action of debt on jail bond, executed upon the commitment of the defendants, Pearce and Dwinnell, on an execution for the sum of $375.72 damages. The defendants pleaded two pleas in bar, in the first of which, they alleged that the commissioners of jail delivery for the county of Washington, administered to the debtors, Pearce and Dwinnell, the oath by law provided to be administered to poor debtors, and delivered to them certificates, in due form of law, which were, by them, delivered to the jailor, before their departure from the liberties, &c. In the second plea, the defendants alleged the administration to Pearce and Dwinnell of the oath by law provided, and the delivery to them of certificates, which defendants set forth in their plea, and which described the execution on which Pearce and Dwinnell had been committed, as an execution for the sum of $325.72 damages. The first plea was traversed. To the second there was a demurrer.

The court rendered judgment that the second plea in bar was sufficient, and that defendants recover their costs ; from which decision the defendants excepted.

After argument by *J. A. Wing* for plaintiff, and *L. B. Peck* for defendant, the opinion of the court was delivered by

ROYCE, J. — This case comes before the court upon demurrer to the second plea in bar, which sets forth the whole

proceedings before the board of jail commissioners, including
a literal transcript of the certificates issued by them to the
defendants, Pearce and Dwinnell. It is made a question in
the argument, whether it should be understood, upon a just
construction of the whole plea, that the oath actually ad-
ministered to the debtors was the oath given in the present
statute, or the one prescribed by the repealed law : — and if
the latter, whether that oath was a substantial and sufficient
compliance with the existing law, so as to entitle the debtors
to their certificates of discharge. But since there is another
satisfactory ground upon which to rest our decision, I shall
pass this part of the case without expressing an opinion.

WASHINGTON,
*March*,
1843.

Holbrook *et al.*
*v.*
Pearce *et al.*

If it is conceded that a sufficient oath was duly adminis-
tered, that alone did not effect the legal discharge of the
debtors. It was also necesaary, before they could be author-
ized to depart, that proper certificates should be given, and
delivered over to them and the jailor, especially to the latter.
*Staniford* v. *Barry*, Bray. R. 200 ; *Haight* v. *Richards*, 3
Vt. R. 77. In this respect the requirements of the old and
new law are the same. And when these certificates come to
be pleaded, they must appear to apply, with requisite cer-
tainty, to the execution mentioned in the declaration.
Otherwise, the plea can be no answer to the action. Now
the declaration in this instance sets forth a judgment and ex-
ecution for $375.72 damages, whereas, the certificates
describe an execution for $325.72 damages. This is a dif-
ference which apparently destroys the identity of the execu-
tion, and must be fatal to the plea, as well upon the ground
of repugnancy and variance, as on the ground that no cer-
tificates appear to have been granted, which were applica-
ble to the demand sought to be recovered in this action.
*Sherwin* v. *Bliss*, 4 Vt. R. 96 ; *Avery* v. *Lewis*, 10 Vt. R.
332.

The judgment of the county court is accordingly reversed,
and the plea is adjudged insufficient. But as there are other
defences undisposed of in that court, the cause is again sent
there, to be proceeded with in reference to those defences.